[Civ. No. 35266. Second Dist., Div. Four. June 23, 1970.]

ROBERT BLOCK, Plaintiff and Appellant, v
LABORATORY PROCEDURES, INC., Defendant and Respondent.

1044

**COUNSEL**

Lloyd F. Dunn for Plaintiff and Appellant.

Abeles & De Bro and Harold A. Abeles for Defendant and Respondent.

**OPINION**

**IRWIN, J.**\*—Appeal by plaintiff from that portion of a judgment disallowing prejudgment interest on a claim for breach of a stock option contract.

 The sole question to be determined is whether appellant's damages for breach of contract were, on the record before us, capable of being made certain by calculation.

Appellant and respondent entered into a written employment agreement which gave appellant an option to purchase 5,000 shares of respondent's stock at 85 percent of its market value as of April 19, 1965. The option period was 24 months. Appellant exercised the option on November 10, 1965, by tendering payment in the sum of $3,750. The offer was re-

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

jected and this action followed. After trial by the court without a jury, appellant was awarded damages in the sum of $16,187.50 for breach of the option provision of the contract. When the formal judgment was presented, a blank space therein providing for prejudgment interest was stricken and initialed by the trial judge. Findings of fact and conclusions of law were not required. (Code Civ. Proc., § 632.)

■ The appeal is upon the judgment roll alone (Code Civ. Proc., § 670) and there is no transcript of the evidence before us. Under such circumstances the evidence is conclusively presumed to support the judgment. (*Kompf* v. *Morrison* (1946) 73 Cal.App.2d 284, 286 [166 P.2d 350].) Accordingly, only matters appearing in the clerk's transcript are to be considered. (Witkin, Cal. Procedure (1967 Supp.) Appeal, § 81, p. 935.) ■ Where there are no findings it is implied in favor of the judgment that the court found all the facts necessary to support it. (*Mears* v. *Mears* (1960) 180 Cal.App.2d 484, 497 [4 Cal.Rptr. 618]; *Stewart* v. *Langer* (1935) 9 Cal.App.2d 60 [48 P.2d 758].)

■ The clerk's transcript, which includes the pleadings of the parties, is the only record before us. In his complaint, appellant alleges on information and belief that on April 19, 1965, the value of the stock was 50¢ per share and the "shares of stock are closely held by a few individuals, are not commonly bought or sold in any established market, and are not listed on any stock exchange. There is great difficulty in ascertaining the value of said shares. . . . Plaintiff is informed and believes and thereon alleges the market value of said stock has been fluctuating in recent months between $3.00 and $5.00 a share." Respondent's answer admitted the stock was unlisted and fluctuated in recent months between $3 and $5 per share, and denied all other allegations.

In his amendment to complaint, appellant alleged, in a new second cause of action, that on April 19, 1965, the day upon which the parties entered into the stock option agreement, respondent's shares were quoted at 62½ ¢ per share "bid," 75¢ per share "asked"; that on November 10, 1965, at the time of the exercise of the option by plaintiff, said shares were quoted at $3.875 per share "bid" and $4.125 per share "asked." These allegations were not denied by respondent and, of course, are deemed admitted.

Appellant also alleged that the value was $.6875 per share on April 19, 1965 and that his option price per share was $.584375; that on November 10, 1965, when the breach occurred, the value was $4 per share. Respondent denied the shares had the alleged value "or any other value that could be ascertained at this time or at any other time, due to the fact that the market was what is known in the trade as a 'thin market' in which

few shares were traded, and the sale or purchase of any large number of shares would disproportionately affect the market." In addition, respondent alleged affirmatively ". . . the accurate price of said stock can be determined from the records of those stock brokerage firms regularly dealing in said shares. . . ."

Confined as we are to the admitted facts and issues raised by the pleadings, we must affirm.

Civil Code section 3287, as applicable here, provided: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, . . ."

Appellant argues that his damages are capable of being made certain by calculation by reference to the stock quotations which he asserts constituted a "reference to reasonably ascertainable market values." He relies upon certain well established principles. ■ As is pointed out in *Rabinowitch* v. *California Western Gas Co.* (1967) 257 Cal.App.2d 150, 160 [65 Cal.Rptr. 1]: "In an action at law based on a contractual obligation, if the requirements of Civil Code, section 3287 are met, the plaintiff is entitled to an award of interest as a matter of right. . . . ■ The existence of a bona fide dispute between the parties as to the amount owing under an express contract does not render that sum 'unliquidated.'" [Citations omitted.] ■ The mere fact that there is a slight difference between the amount of the damages claimed and the amount of the award does not preclude an award of prejudgment interest. (*Coleman Engineering Co.* v. *North American Aviation, Inc.* (1966) 65 Cal.2d 396, 408 [55 Cal.Rptr. 1, 420 P.2d 713].) ■ It was held in *Howe* v. *City Title Ins. Co.* (1967) 255 Cal.App.2d 85, 88 [63 Cal.Rptr. 119], "It is the rule that if damages may be determined by reference to reasonably ascertainable market values, they are 'capable of being made certain by calculation' within the meaning of section 3287 *supra.*"

■ However, there is nothing in the record berore us to show that there was an established market for respondent's shares. This was an issue of fact raised by the pleadings and we must assume evidence on the point was introduced, upon the basis of which the court decided by its implied finding against the appellant. Since only "bid" and "asked" prices are alleged and market value was in dispute, appellant's damages are uncertain.

■ Where the person liable does not know what sum he owes and where damages can be arrived at only by judicial determination on con-

flicting evidence, the damages are uncertain and there is no basis for the award of prejudgment interest. (See *Lineman* v. *Schmid* (1948) 32 Cal.2d 204, 211 [195 P.2d 408, 4 A.L.R.2d 1380]; *Conderback, Inc.* v. *Standard Oil Co.* (1966) 239 Cal.App.2d 664, 689 [48 Cal.Rptr. 901].)

The judgment is affirmed.

Kingsley, Acting P. J., and Dunn, J., concurred.