[Civ. No. 38768. Second Dist., Div. Five. May 3, 1972.]

JOSEPH M. LUDKA, Plaintiff and Respondent, v.
MEMORY MAGNETICS INTERNATIONAL, Defendant and Appellant.

## COUNSEL

Robert H. Fletcher for Defendant and Appellant.

Lessin & Foley and John P. Foley for Plaintiff and Respondent.

## OPINION

**COLE, J.**\*—Memory Magnetics International, a corporation (hereafter "defendant"), appeals from a default judgment entered against it on December 24, 1970.

Defendant's default was entered in the trial court on August 27, 1970.

---

\*Assigned by the Chairman of the Judicial Council.

On December 3, 1970, a "prove up" of plaintiff's case was had and the trial court ordered counsel for plaintiff to prepare a judgment. On December 7, 1970, defendant filed a "Notice of Motion to Vacate Default and Set Aside Judgment" together with declarations in support thereof, and a proposed answer to plaintiff's first amended complaint. Opposing declarations were filed and on December 17 or 18, 1970,[1] the motion to vacate default and set aside judgment was denied. It should be noted that at the time the motion was made no judgment had been entered, and this was likewise true at the time it was denied since entry of judgment did not take place until December 24, 1970.

On December 23, 1970, defendant filed another motion which sought to vacate the order made on December 18, 1970 [sic] denying the previous motion to vacate the default and set aside the judgment. On January 7, 1971, this second motion of defendant was denied. Thereafter, on January 13, 1971, plaintiff gave notice of the denial of the second motion to defendant, and on the same date, gave notice of entry of judgment on December 24, 1970.

Finally, on March 3, 1971, defendant filed a notice of appeal "from the judgment entered in this action against the defendant and in favor of the plaintiff."

In argument, plaintiff and defendant have each placed primary emphasis on section 473 of the Code of Civil Procedure.[2] Defendant urges and plaintiff denies that the trial court abused its discretion in denying each of defendant's motions. Each party to this appeal states that the appeal is from the order of January 7, 1971, denying defendant's motion to vacate the previous order of December 17, 1970. But the order of January 7, 1971, was itself appealable as an order after judgment. (*Carver* v. *Platt*, 179 Cal.App.2d 140, 142 [3 Cal.Rptr. 687].) Any conceivable time for the filing of a notice of appeal from that order has passed. Therefore, the order of January 7, 1971, is not before us.

However, as defendant also points out, the appeal is from the judgment and on appeal we may determine the propriety of the trial court's action on December 17, 1970, in refusing to vacate the default.

The basis of defendant's motion to vacate the default entered against it was that it had not been properly served. To that end it presented a declaration of Don Gordon, who stated that he was in the reception area of

---

[1]A minute order bears the typewritten date December 18, 1970. The 18 is crossed out and a 17 has been inserted in handwriting.

[2]All code references hereinafter will be to the Code of Civil Procedure.

suite 1200, Union Bank Tower on July 13, 1970. At that time, according to Gordon, a man appeared and asked to see Mr. Powers, president of defendant, but was told that Mr. Powers was out. After being unsuccessful in his attempt to speak to another officer, the man threw some papers on a coffee table and said, "You're served" and started for the door. Gordon's declaration then states: "Having been on the Glendale police force for five years, I told him that that was not service and threw the papers into a waste basket, . . . At that time I was not an officer, employee, agent or otherwise associated with any of the defendants."[3] Defendant's motion was also supported by a declaration of Wesley G. Powers, president of defendant. Powers declared that a Mrs. Arenas, upon whom service was claimed to have been made, was employed as a receptionist by Associated Baked Enamel Company, located in suite 1200, Union Bank Tower. Powers declared that Mrs. Arenas was not then his secretary, nor an agent for the service of process of defendant corporation; and that his own office was in suite 1210, Union Bank Tower "which is half way around the building" from suite 1200.

The opposing declarations of plaintiff's counsel recited his previous difficulties in attempting to serve defendant, and his decision to order "abode service" to be made on defendant after the effective date of section 416.20 ([sic]; § 415.20?).

Counsel also stated that on July 13, 1970, a copy of the summons and complaint was mailed to defendant at 1200 Union Bank Tower and had not been returned.

Counsel further declared that on August 26, 1970, he filed a request for entry of default with the clerk and mailed a copy thereof to defendant. On September 2, 1970, counsel for plaintiff received a letter from then counsel for defendant stating: "My client, Memory Magnetics International, was most amazed to receive your Request for Entry of Default in light of the fact that no one has been served on behalf of the corporation.

"Please be advised that the corporation will move to set aside the default unless you are willing to stipulate to lack of service and permit a responsive pleading to be filed."

Another declaration in opposition to the motion to vacate the default was filed by plaintiff. He stated his familiarity with the layout of suite 1200, Union Bank Tower; that defendant "used many corporate titles," including that of Associated Baked Enamel Company, and that defendant

---

[3]The default of a second defendant (Athana Corporation) was also entered and judgment taken against it. It has not appealed.

and other corporations all used suite 1200 as a common reception area. He further declared that there was no access by the public to any other rooms within the suite except through room 1200, and that all persons, deliveries and mail for defendant came through suite 1200. He further declares that room 1210 had no identification number on the outside of said office nor any corporate markings.

"The lower court has discretionary power to decide the issue growing out of a motion for relief under the remedial provisions of section 473, Code of Civil Procedure, and its exercise thereof will not be disturbed by an appellate tribunal unless there is a clear showing of abuse [citations]." (*Fidelity Fed. Sav. & Loan Assn.* v. *Long,* 175 Cal.App.2d 149, 152 [345 P.2d 568].)

Tested by this elementary principle the trial court was well within its discretion in denying the motion to relieve defendant from the consequences of its default. In this connection two salient features are to be pointed out. Firstly, plaintiff's service amply complied with the provisions of section 415.20. The trial court could well find from the declarations in opposition to the motion, as well as from the proof of service appended to the summons on the first amended complaint, that a copy of the summons and complaint had been left during usual office hours of defendant with the person who was apparently in charge thereof, and that thereafter plaintiff had caused a copy of the same documents to be mailed to the same place.

Under section 415.20 service was completed on the 10th day after mailing (July 23, 1970). While it is true, as counsel for defendant argues, that a mistake of law may be grounds for granting relief under section 473 (*Fidelity Fed. Sav. & Loan Assn.* v. *Long, supra,* 175 Cal.App.2d at p. 154), here there is simply no showing that defendant, in fact, labored under any mistake of law. The totally erroneous and entirely gratuitous advice of Gordon "that that was not service" was not a mistake of defendants. Gordon himself declares that he was not an officer, employee, agent or otherwise associated with any of the defendants.

Secondly, the trial court might well note that on September 2, 1970, defendant's then counsel was aware that a request for entry of default had been sent to the court for processing and at that time took the position that there had been no service. (Other counsel now represents defendant upon this appeal.) Yet counsel below waited until December 7, 1970, to file his motion to set aside the default entry. Diligence is an essential ingredient of a motion for relief under section 473. "Courts do not relieve

litigants from the effects of mere carelessness. Defendant has not cited, nor has independent research disclosed, any case in which a court has set aside a default where, in making application therefor, there has been an unexplained delay of anything approaching three months after full knowledge of the entry of the default." (*Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523, 529 [190 P.2d 593].)

Our decision that the trial court was well within its discretion in denying defendant's motion to vacate and set aside the default does not end this matter however. We still must consider in connection with defendant's appeal from the judgment the effect of section 580. That section states: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; . . ." The problem comes up only in connection with the third cause of action of the first amended complaint. In that cause of action plaintiff alleged a contract by which defendant gave to plaintiff the option to purchase 2,500 shares of corporate stock of each of two corporations at 10 cents a share, and defendant's refusal to perform, and stated that plaintiff "elected to, and still elects, to exercise said option, to the damage of plaintiff in a sum equal to the present market value of said shares, less plaintiff's contracted cost thereof, to wit: $.10 per share." The prayer of the first amended complaint reads in relevant part: "3. On THE THIRD CAUSE OF ACTION, for damages according to proof; 4. For costs of suit incurred herein; and for such other and further relief as the court deems just."

This part of the prayer is in sharp contrast to the prayers in connection with the first and second causes of action, which set forth claimed dollar damages in specific amounts, which amounts were awarded to plaintiff by the default judgment.

The primary purpose of section 580 is to insure adequate notice to the defendant of the demands made upon him. (*Anderson* v. *Mart,* 47 Cal.2d 274, 282 [303 P.2d 539].) As a corollary of this rule a default judgment in excess of the amount prayed for is void. (E.g., *Thorson* v. *Western Development Corp.,* 251 Cal.App.2d 206, 212 [59 Cal.Rptr. 299].) The judgment below specifically awarded plaintiff the sum of $17,500 on the third cause of action. We have concluded that that part of the judgment runs afoul of the prohibitions of section 580 and cannot be allowed to stand.

*Thorson, supra,* involved a complaint in which plaintiffs there alleged in the body of the complaint " 'By the reason of said facts, plaintiffs have been damaged in the sum of Ten Thousand Dollars ($10,000.00).' " The

prayer in *Thorson* with respect to this allegation was, as in the case at bench, for "damages according to proof." Discussing the problem raised in *Thorson,* the court there said at page 213: "Thus the allegation contained in the body of their complaint may not cure a defect in the prayer [demand] of the complaint, and the jurisdiction of the trial court to enter the default judgment must be resolved solely by reference to that prayer. (*Gudarov* v. *Hadjieff, supra,* 38 Cal.2d 412, 416 [240 P.2d 621]; *Lee* v. *Ski Run Apartments Associates,* 249 Cal.App.2d 293, 294-295 [57 Cal. Rptr. 496].)

"But these cases and those cited by defendant Western all concerned complaints in which the relief awarded was not mentioned or the award was in excess of the demand. The allegations of the complaint herein combined with the demand, contained in the prayer, for 'damages according to proof' gave sufficient notice to defendant that in addition to the restitutional relief demanded, plaintiffs also requested relief in the form of monetary damages."

■ The complaint in *Thorson* is in sharp contrast to the third cause of action of plaintiff's complaint here. No amount of damages is directly alleged. Such a pleading read in conjunction with the prayer does not insure adequate notice of the demands made upon defendant.

■ Two final points require only brief mention. Questions as to the sufficiency of the evidence of the propriety of the trial court's action in entering the judgment are not properly before us. In the first place an appeal from a default judgment is limited to jurisdictional considerations and to questions of basic defects in the pleadings. (*Lee* v. *Ski Run Apartments Associates,* 249 Cal.App.2d 293, 294 [57 Cal.Rptr. 496].) In the second place the appeal in the instant case was taken on the judgment roll, and on such an appeal the evidence is conclusively presumed to support the judgment. (*Block* v. *Laboratory Procedures, Inc.,* 8 Cal.App.3d 1042, 1045 [87 Cal.Rptr. 778].)

■ The other point concerns the lengthy argument presented by defendant as to the merits of the basic controversy. Such arguments are misdirected on this appeal. While a party seeking relief from default must show by verified answer or affidavit that he has a meritorious defense, it is improper in connection with a motion to vacate the default, for the court to go into the merits of the main case. The court's inquiry is limited to whether the affidavit or verified pleading contains a statement of facts sufficient to constitute a meritorious case, and the truth concerning the meritorious defense is not at issue. (5 Witkin, Cal. Procedure (2d ed. 1971)

p. 3731; see, *First Small Business Inv. Co.* v. *Sistim, Inc.,* 12 Cal.App.3d 645, 651 [90 Cal.Rptr. 798].)

The judgment of the trial court is affirmed as to the first and second causes of action, and is reversed as to the third cause of action. Neither party shall recover costs on this appeal.

Kaus, P. J., and Stephens, J., concurred.