Filed 5/17/22  P. v. $22,077 U.S. Currency CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093299 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CV01756) |
| v. | |
| $22,077 UNITED STATES CURRENCY et al., | |
| Defendants; | |
| PAUL JOSEPH BURNETTE, | |
| Defendant and Appellant. | |

Defendant and appellant Paul Joseph Burnette appeals the trial court's denial of his Code of Civil Procedure section 473, subdivision (b) motion[1] to set aside a default judgment in a Health and Safety Code section 11488.5, subdivision (b) civil forfeiture

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

action. Representing himself on appeal, defendant has filed a brief with this court that raises various federal and statutory challenges to the forfeiture proceeding. Since defendant filed the motion to set aside more than six months from the entry of the default judgment, the trial court was without jurisdiction to grant his motion. We shall therefore dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2019, the People filed a Health and Safety Code section 11488.4 subdivision (a) petition for civil forfeiture against Twenty-Two Thousand Seventy-Seven ($22,077.00) in United States Currency; 1200 Canadian Maple Leaf 1Troy Ounce Silver Coins (Estimated Value:$20,652); 6 American Eagle 1 Troy Ounce Gold Coins (Estimated Value: $8,262.90); 6 Golden Eagle 1Troy Ounce Gold Coins (Estimated Value; $8,274.30); and 1 Canadian Growling Cougar 1 Troy Ounce Gold Coin (Estimated Value: $1,366.50). The property in question was seized by agents of the Butte County Interagency Narcotics Task Force during the execution of a search warrant on defendant's Chico residence on April 10, 2019. In addition to the property at issue in the forfeiture action, agents also seized 276 grams of cocaine and paraphernalia related to drug sales.

Defendant was personally served with notice of the petition at the Butte County Jail on June 11, 2019. Publication for the forfeiture was noticed in two general circulation newspapers in the county, the Chico Enterprise-Record, and the Oroville Mercury-Register, on November 16, 23, and 30, 2019.

On June 28, 2019, defendant's claim opposing forfeiture was rejected due to defendant's failure to pay the $435 filing fee or provide fee waiver documents.

The People moved for a default judgment in the forfeiture action on February 13, 2020. Defendant was personally served with notice on the same day.

Defendant attempted to file a letter with the trial court regarding the case on March 3, 2020. The trial court rejected the letter, finding it "was not in proper legal

2

format and could not be filed with the court." Defendant had not filed any opposition to the default motion at this time.

A hearing on the default motion was held on March 11, 2020, and a default judgment was ordered that day.

On June 11, 2019, defendant filed a claim opposing the default motion. The trial court rejected the claim opposing the default motion on September 2, 2020, finding defendant had failed to serve the People, the notice of motion was missing a hearing time and date, and defendant had not yet set aside the default judgment.

Defendant filed a motion to set aside the default judgment pursuant to section 437, subdivision (b) on September 14, 2020.[2] The reason given for setting aside the default was that defendant had been unable to respond in a timely manner because he had been in protective custody at Napa State Hospital.

The People filed an opposition to defendant's motion to set aside the default judgment on October 14, 2020. The opposition informed the trial court that defendant had been incarcerated at the Butte County Jail from his April 10, 2019, arrest until being transported to Napa State Hospital on September 4, 2019, after trial counsel expressed doubts about his competency to stand trial. Defendant was found competent to stand trial and returned to Butte County Jail on November 27, 2019.

On October 28, 2020, the trial court denied the motion to set aside, finding there was insufficient reason to explain the delay in setting aside the default and that it lacked authority to grant relief under section 437, subdivision (b) as defendant sought relief from the default more than six months after the default judgment.

_____

[2] Unlike every other filing in the trial court and in this appeal, where defendant has consistently represented himself, defendant was represented by counsel in the motion to set aside the default.

3

Section 473, subdivision (b), provides in part, "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. "To qualify for discretionary relief under section 473, [subdivision] (b), the party seeking relief must show (1) a proper ground for relief, and (2) 'the party has raised that ground in a procedurally proper manner, within any applicable time limits.' [Citation.]" (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 229; accord, *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419.)

The six-month limitation in section 473, subdivision (b) "is jurisdictional; the court has no power to grant relief under section 473 once the time has elapsed. [Citations.]" (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928.) Likewise, "[d]iligence is an essential ingredient of a motion for relief under section 473. 'Courts do not relieve litigants from the effects of mere carelessness. Defendant has not cited, nor has independent research disclosed, any case in which a court has set aside a default where, in making application therefor, there has been an unexplained delay of anything approaching three months after full knowledge of the entry of the default.' [Citation.]" (*Ludka v. Memory Magnetics International* (1972) 25 Cal.App.3d 316, 321-322.)

Defendant's brief primarily raises points not relevant to the disposition of this appeal but mentions his transfer to Napa State Hospital as a reason for the delay. That argument is unavailing for two reasons. First, defendant was released from the hospital on November 27, 2019, when he was found competent to stand trial. This was well before the March 3, 2020, default motion and the March 11, 2020, default judgment. More importantly, defendant filed his motion for relief from the default on September 14,

4

2020.  The six-month limitation for section 473 motions for relief is equal to half a year, or 182 days from the date of the default judgment.  (Gov. Code, § 6803 [" 'Year' means a period of 365 days; 'half year,' 182 days; 'quarter of a year,' 91 days"].)  182 days from the March 11, 2020, default judgment is Wednesday, September 9, 2020.  Since defendant filed his motion for relief 187 days from the default judgment, the trial court was without jurisdiction to grant relief.

Since the trial court was without jurisdiction to grant relief from the default, we shall dismiss the appeal and accordingly decline to address defendant's other, irrelevant arguments.

DISPOSITION

The appeal is dismissed.  Costs on appeal to respondent. (Cal. Rules of Court, rule 8.278.)


\s\ _____,
BLEASE, Acting P. J.


We concur:


\s\ _____,
HULL, J.


\s\ _____,
MAURO, J.

5