Filed 1/20/26  Lewis Brisbois Bisgaard & Smith v. Great Host Internat. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD & SMITH LLP, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GREAT HOST INTERNATIONAL, INC., <br><br> Defendant and Appellant. | B340432 <br> (Los Angeles County <br> Super. Ct. No. <br> 23STCV04046) |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce G. Iwasaki, Judge.  Reversed.

Arun S. Avva for Defendant and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Tracy D. Forbath, Daniel R. Velladao and Michael B. Magloff for Plaintiff and Respondent.

———————————————

Great Host International, Inc. appeals from an order denying its motion under Code of Civil Procedure section 473, subdivision (d),[1] to vacate the default and default judgment entered against it in this contract action by Lewis Brisbois Bisgaard & Smith LLP.  Great Host contends the trial court never acquired personal jurisdiction over it because service of the summons and complaint on a receptionist at its corporate office was legally defective, and the court abused its discretion in finding Great Host's seven-month delay in moving to vacate the default was unreasonable.

Because the record does not reflect valid personal service or substituted service of the summons and complaint on Great Host, the default and default judgment are void.  We reverse the order denying Great Host's motion and remand for the trial court to vacate the default and default judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

A. *Service of the Summons and Complaint*

Great Host, doing business as Andalucia Nuts, is a Texas Corporation with headquarters in Houston, Texas.  From December 2020 through March 2022 Great Host retained the law firm Lewis Brisbois to represent it in litigation in the Kern County Superior Court.  On February 23, 2023 Lewis Brisbois filed a complaint against Great Host alleging causes of action for breach of contract and common counts for services rendered and account stated based on Great Host's alleged failure to pay Lewis

---

[1]  Further statutory references are to the Code of Civil Procedure.

2

Brisbois's invoices. Lewis Brisbois prayed for $101,837 in damages, prejudgment interest, and costs of suit.

On March 17, 2023 Lewis Brisbois purported to serve Great Host with the summons and complaint (and other case-initiation documents) by delivering them to Great Host's president and agent for service of process, Ali Zeini, at Great Host's principal business address on Bering Drive in Houston. As stated on the proof of service summons form signed under penalty of perjury by Zachary Thibodeaux at First Legal litigation support service, service was made on Great Host by delivering the documents to Zeini and Great Host on Bering Drive "by substituted service" as follows: "On: Fri Mar 17 2023 at 2:40 p.m. I left the documents listed . . . with or in the presence of: Sam Palacios, Receptionist." (Capitalization omitted.) Beneath this statement, Thibodeaux checked a box stating service was made on "a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers." Thibodeaux also checked the box stating a declaration of mailing was attached, but he did not check the box for attaching a "[d]eclaration of [d]iligence . . . stating actions taken first to attempt personal service," and no declaration was attached. Thibodeaux also checked a box stating he was not a registered process server.

Lewis Brisbois also purported to serve Great Host with the summons and complaint by United States mail. Thomas Tilcock at First Legal signed a proof of service under penalty of perjury stating that on March 17, 2023 he mailed a copy of the summons and complaint to Great Host, addressed as follows: "Great Host International, Inc, dba Andalucia Nuts, a Texas Corporation" at

3

its address on Bering Drive in Houston. (Capitalization omitted.) Tilcock was not a registered process server.

On March 23, 2023 Lewis Brisbois filed the signed proofs of service by substituted service and by mail. In May 2023 it filed amended proofs of service correcting a typographical error in the original proofs of service. Thibodeaux and Tilcock re-signed the amended proofs of service with no relevant changes.[2]

B. *Entry of Default and Default Judgment*

On May 26, 2023 Lewis Brisbois filed a request for entry of default and default judgment in the amount of $123,056, comprising $101,837 in damages, $20,423 in prejudgment interest, and $796 in costs. The request was accompanied by the declaration of Lewis Brisbois partner Michael Magloff. Magloff described Lewis Brisbois's legal engagement, the unpaid invoices, and the computation of prejudgment interest; his declaration attached the parties' retainer agreement and the billing records and invoices generated by Lewis Brisbois and its litigation support vendors.

The superior court clerk entered a default on May 26, 2023, and on July 21 the trial court entered a default judgment for $123,056 against Great Host. Lewis Brisbois served notice of the judgment on Great Host by mailing a copy to the Bering Drive address in Houston.

---

[2] On April 10 and again on May 3, 2023 the superior court clerk rejected requests for entry of default filed by Lewis Brisbois because the request form and proofs of service omitted the indefinite article "a" when identifying Great Host as "[a] Texas Corporation." Lewis Brisbois corrected the error in the amended proofs.

4

C.    *Great Host's First Motion To Vacate Default and Default Judgment*

On January 18, 2024 Great Host filed a motion to vacate the default and default judgment pursuant to section 473, subdivision (b).[3]  Great Host argued the default was entered by mistake because it was not served with the summons and complaint and only learned of the default judgment after it had been entered.  In a supporting declaration, Zeini attested that Great Host "never received service of the complaint and summons," and Zeini first learned about the judgment on August 1, 2023.  Referring to Lewis Brisbois's proofs of service, Zeini averred he did not authorize Palacios "to accept any documents on behalf of [Great Host]," and Great Host "did not receive the purported mailing of the [s]ummons and [c]omplaint."

In its opposition, Lewis Brisbois argued relief from the default and default judgment was unavailable under section 473, subdivision (b), because Great Host's motion was filed more than six months after the default was entered.  In addition, Great Host's unexplained seven-month delay in seeking to vacate the default was unreasonable.

---

[3]    Section 473, subdivision (b), provides a mechanism for a trial court to "relieve a party or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  An application for relief "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (*Ibid.*)

After a hearing, on February 21, 2024 the trial court denied Great Host's motion, finding the motion was untimely under section 473, subdivision (b).

D.    *Great Host's Second Motion To Vacate Default and Default Judgment*

On May 10, 2024 Great Host filed a motion to vacate the default and default judgment under sections 473, subdivision (d), and 473.5, as well as the court's inherent equitable power. Great Host argued the default and default judgment were void and the trial court did not acquire jurisdiction over Great Host, because there was no valid service of the summons and complaint. Substituted service was invalid because Palacios, who was identified as a "[r]eceptionist" in the proof of substituted service, was not a manager or in charge of Great Host's office. Mail service was also ineffective because, as stated on the proof of service, the documents were addressed to Great Host, but not to Zeini or any other officer of the company. In a supporting declaration, Zeini averred that neither he (nor any other Great Host officer) received the summons and complaint either by delivery or in the mail. Zeini stated Palacios was "a general office employee with no authority to receive any communications on behalf of Great Host. He is not a manager or any other person in charge of the Great Host office in Texas."

In its opposition, Lewis Brisbois argued Great Host was not entitled to relief under sections 473, subdivision (d), and 473.5 because it did not introduce evidence of diligence in challenging the default and the default judgment after it learned of them. Further, Great Host did not show "exceptional circumstances" warranting relief under the trial court's equitable powers, as set

6

forth by the Supreme Court in *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981. Lewis Brisbois filed evidentiary objections to the Zeini declaration and requested the trial court take judicial notice of Zeini's earlier declaration admitting he learned of the default judgment on August 1, 2023.

In its reply, Great Host argued that section 473, subdivision (d), did not impose any time limit on relief from judgment and orders void due to defective service. In a supplemental declaration, Zeini stated Great Host did not immediately seek relief from the default and default judgment when it learned of them because Zeini was undergoing treatment for skin cancer and Great Host was preparing for trial in a separate legal matter.

Lewis Brisbois filed evidentiary objections and a request to strike Zeini's supplemental declaration, arguing his testimony constituted improper reply evidence. Lewis Brisbois argued there was no evidence in Great Host's moving papers to excuse its delay, and Great Host also failed to request judicial notice of the proofs of service and consequently could not show the default and default judgment were facially void.

E.    *The Trial Court's Ruling*

After a hearing, on June 10, 2024 the trial court denied Great Host's second motion to vacate the default and default judgment, this time under sections 473, subdivision (d), and 473.5.[4] In its six-page minute order, the court rejected the

---

[4]    Great Host does not on appeal challenge the court's denial of relief under section 473.5 or under the court's inherent equitable power, forfeiting those contentions. (See *Tiernan v.*

argument that the default and default judgment were facially void, and therefore subject to challenge at any time, finding Great Host did "not point to anything on the face of the [j]udgment that is void on its face." The court refused to consider the proofs of service in the record, stating Great Host failed to timely request judicial notice of the proofs of service in the manner required under California Rules of Court, rule 3.1306(6) and local court rules. The court also declined to consider the statement in Zeini's declaration that Palacios was a general office employee without authority to receive communications on behalf of Great Host, holding the declaration was extrinsic evidence that could not establish facial voidness. Further, the court sustained Lewis Brisbois's evidentiary objection and struck the statement in Zeini's declaration that service of the summons and complaint was not effected on "any other officer" of Great Host (apparently as hearsay).

The court held that because service was not facially void, Great Host needed to demonstrate it brought the motion within a reasonable period of time. Further, Great Host admitted it learned of the default judgment on August 1, 2023 but waited more than five months to file its first motion to vacate (on January 18, 2024), seven months after the default. And, after the court denied the first motion to vacate on February 21, Great Host waited another 79 days (until May 10) to bring its second motion. Further, Great Host's moving papers did not include any

*Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issue not raised on appeal "deemed waived"]; *Swain v. LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 72 [""""Issues not raised in an appellant's brief are [forfeited] or abandoned.""""].)

8

explanation for these serial delays.  Moreover, even if Zeini's testimony were admissible, it was "suspiciously vague and conclusory" and failed to "demonstrate[] diligence in pursuing relief."

Great Host timely appealed.

## DISCUSSION

A.    *Governing Law and Standard of Review*

"Section 473, subdivision (d), provides a trial court 'may, on motion of either party after notice to the other party, set aside any void judgment or order.'" (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020; accord, *Chinese Theater, LLC v. Starline Tours USA, Inc.* (2025) 115 Cal.App.5th 1048, 1061 (*Chinese Theater*).)  "A judgment is void if the trial court lacks jurisdiction in a fundamental sense, as where it lacked subject matter jurisdiction, lacked personal jurisdiction over the defendant, or granted relief the court had no power to grant." (*W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 13, citing *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660; accord, *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339.)  By contrast, "[w]hen a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable." (*American Contractors*, at p. 661; accord, *Schrage v. Schrage* (2021) 69 Cal.App.5th 126, 138.)

"In determining whether an order is void for purposes of section 473, subdivision (d), courts distinguish between orders that are void on the face of the record and orders that appear valid on the face of the record but are shown to be invalid

9

through consideration of extrinsic evidence. 'This distinction may be important in a particular case because it impacts the procedural mechanism available to attack the judgment [or order], when the judgment [or order] may be attacked, and how the party challenging the judgment [or order] proves that the judgment [or order] is void.' [Citation.] [¶] An order is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence. . . . If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order is not void on its face." (*Pittman v. Beck Park Apartments Ltd., supra*, 20 Cal.App.5th at pp. 1020-1021; accord, *Braugh v. Dow* (2023) 93 Cal.App.5th 76, 87; see *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327 (*OC Interior Services*).)

Where, as here, the defendant has not answered the complaint, section 670, subdivision (a), defines the "judgment roll" to include "the summons, with the affidavit or proof of service; the complaint; the request for entry of default with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment." (See *Kremerman v. White* (2021) 71 Cal.App.5th 358, 370 [section 670, subdivision (a), lists what the judgment roll consists of "[w]hen a default judgment has been taken"]; *OC Interior Services, supra*, 7 Cal.App.5th at p. 1328, fn. 2 [section 670, subdivision (a)'s definition of "judgment roll" applies "[i]n default situations"].)

There is no time limit to bring a motion for relief from a judgment under section 473, subdivision (d), on the ground the judgment is void on its face for lack of proper service.

10

(*California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 225; accord, *OC Interior Services, supra,* 7 Cal.App.5th at p. 1327 ["A judgment that is void on the face of the record is subject to either direct or collateral attack at any time"].)  As the Supreme Court explained in *California Capital*, """An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."  [Citation.]  Failure to give notice violates "the most rudimentary demands of due process of law.""" (*California Capital*, at p. 214, quoting *Peralta v. Heights Medical Center, Inc.* (1988) 485 U.S. 80, 84; accord, *Chinese Theater, supra*, 115 Cal.App.5th at p. 1056; see *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 (*Dill*) ["compliance with statutory procedures for service of process is essential to establish personal jurisdiction. . . .  Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void."].)[5]

---

[5]     The Supreme Court in *California Capital Ins. Co. v. Hoehn, supra*, 17 Cal.5th at page 225 held that a motion to vacate a void judgment for lack of personal service, where the judgment is not void on its face (and the defendant seeks to rely on extrinsic evidence), is not subject to a judicially imposed two-year limitation for bringing the motion.  However, the court did not decide whether a trial court may impose a requirement that a defendant act with reasonable diligence in seeking to set aside a void judgment under those circumstances.  (*Id*. at p. 225, fn. 11.) Because we conclude the judgment in this case was void on its face, we do not reach whether the trial court properly found that

"When a defendant challenges the court's personal jurisdiction on the ground of improper service of process 'the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service.'" (*Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 413; accord, *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387.)  We review de novo the trial court's determination whether the entry of default and the default judgment were void for lack of proper service of process. (*Giorgio v. Synergy Management Group, LLC* (2014) 231 Cal.App.4th 241, 247; *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495-496; see *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858 ["Whether a judgment is void due to improper service is a question of law that we review de novo."])

B.    *The Trial Court Erred in Denying the Motion To Vacate the Default and Default Judgment Because Great Host Was Not Validly Served*

Great Host contends the trial court did not have fundamental jurisdiction to enter the default, and therefore "the default judgment must be set aside as an absolute nullity," because Lewis Brisbois did not comply with the statutory requirements for service of a summons and complaint on a corporation.  Further, because defective service was apparent on the face of the proofs of service, Lewis Brisbois had the burden to

---

Great Host failed to file its motion to vacate the judgment within a reasonable amount of time.

12

show effective service, which it failed to do.  Great Host is correct on both points.

Section 416.10 governs service of pleadings on a corporation.  As relevant here, "A summons may be served on a corporation by delivering a copy of the summons and the complaint . . .  [¶]  . . . [t]o the person designated as agent for service of process as provided by [the Corporations Code] [or] . . .  [¶]  . . . [t]o the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." (§ 416.10, subds. (a) & (b).)  Section 415.20 authorizes substituted service in lieu of personal delivery to a person served under section 416.10 (and other provisions) by "leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." (§ 415.20, subd. (a).)

The Judicial Council Comment to section 415.20 explains that when substituted service is made on a corporate entity, the "papers must be delivered to a person who is apparently in charge of such office, such as the personal secretary of the person to be served" and "a copy of the papers thereafter must be mailed . . . to the person to be served at the place of delivery." (Jud. Council of Cal., com., foll. § 415.20; accord, *Chinese Theater supra*, 115 Cal.App.5th at p. 1056.)  Further, when service is made pursuant to section 415.20, the person effecting service must submit an affidavit "showing the time, place, and manner of

13

service and facts showing that the service was made in accordance with this chapter," and the "affidavit shall . . . show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, the person's title or the capacity in which the person is served . . . ." (§ 417.10, subd. (a).)

The proofs of service filed by Lewis Brisbois with its request for entry of default do not comply with the statutory service requirements.[6]  First, it is undisputed that Zeini, Great Host's president and registered agent for service of process, was not personally served; nor does Lewis Brisbois purport to have served another corporate officer qualified to accept service under section 416.10, subdivision (b).  Rather, the proofs of service reflect that Thibodeaux purported to effect substituted service by leaving the summons and complaint with "Sam Palacios, Receptionist."  But the proof of service does not include any facts establishing that Palacios was "apparently in charge of the office" (§ 415.20, subd. (a)), or that he was Zeini's personal secretary (Jud. Council of Cal., com., foll. § 415.20) sufficient for effective substituted service.  (See *Chinese Theater, supra*, 115 Cal.App.5th at p. 1059 [service on related defendant's "bus washer" as person "apparently in charge" was not sufficient for

---

[6]    The trial court erred in refusing to consider the proofs of service on the basis Great Host failed to file a proper request for judicial notice of the proofs of service.  The proofs of service were filed in the court, as required for entry of the default, and they were part of the judgment roll (§ 670, subd. (a)); there was no need for the court to take judicial notice of the documents in connection with the motion to vacate.  Moreover, as discussed, Lewis Brisbois had the burden to show effective service. (*Summers v. McClanahan, supra*, 140 Cal.App.4th at p. 413.)

14

service, explaining "the phrase 'apparently in charge' cannot reasonably be read to validate service on any employee found at a business location. There must be some indication warranting a finding the employee is someone 'apparently in charge' and reasonably likely to deliver the service documents to the intended recipient and the service declarations should reflect some basic facts upon which the finding was made."]; *Dill, supra*, 24 Cal.App.4th at p. 1438 ["A person who is authorized to perform one function on behalf of a principal may have no authority at all regarding a different function. In particular, the fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process."].)[7]

---

[7] We recognize that Thibodeaux checked a box on the proof of service of summons form stating the person served (Palacios) was "a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served." However, the form states a legal conclusion that was not supported by Palacios's title as receptionist. (See *Chinese Theater, supra*, 115 Cal.App.5th at p. 1060 [checking a box stating the served person was "apparently in charge" was insufficient to show person was in charge of defendant's business under § 415.20].)

Moreover, Thibodeaux was not a registered process server; consequently, no presumption of truth attaches to any facts stated in his declaration. (Cf. Evid. Code, § 647 ["a registered process server's declaration of services establishes a presumption that the facts stated in the declaration are true"]; *Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1427, 1427-1428 ["where service is carried out by a registered process

15

The proofs of service show a second fatal defect:  In his affidavit of mailing, Tilcock stated that he mailed the summons and complaint in a package addressed to "Great Host International, Inc, dba Andalucia Nuts, a Texas Corporation" at its Houston address.  The proofs of service do not reflect (nor does Lewis Brisbois contend) the documents were addressed or directed to Zeini or to any other qualified officer or agent.  This was insufficient to effect service.  (*See Dill, supra*, 24 Cal.App.4th at 1436 ["in order to serve a corporate defendant by mail . . . , a plaintiff must mail the summons to a person to be served on behalf of the corporation, i.e., to one of the individuals specified in section 416.10"]; accord, *Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1442 (*Ramos*) [for substituted service under § 415.20, "'[s]ince a corporate defendant *can only be served through service on some individual person, the person to be served is always different from the corporation*'"].)

*Ramos, supra*, 223 Cal.App.4th 1434 is directly on point. There, the process server handed the summons and complaint to a woman who identified herself as being in charge of the defendant's corporate office, although she stated she "could not accept the documents."  (*Id.* at p. 1438.)  The process server then mailed a copy of the documents to the same office, but "the copy was not addressed to any officer or named individual but was simply sent to [the defendant corporation]."  (*Id.* at p. 1439.)  The

server," the trial court must "apply the evidentiary presumption afforded by Evidence Code section 647"]; see *Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750 [defendant failed to rebut presumption arising from registered process server's declaration that he had served defendant by substituted service on office manager].)

16

Court of Appeal affirmed the trial court's order vacating the default and default judgment pursuant to section 473, subdivision (d), reasoning there was a "facial defect in the judgment roll" because "'the proofs of service demonstrate that the copies of the summons were addressed solely to the corporation[], rather than to any of the requisite persons to be served.'" (*Id.* at p. 1442, quoting *Dill, supra*, 24 Cal.App.4th at p. 1441.) The burden therefore shifted to the plaintiff to show effective service, but the plaintiff failed to "provide the trial court with any evidence identifying the person to whom the summons and complaint was delivered [at its office] or other evidence from which it might be inferred a person specified in section 416.10 actually received the documents, . . . the trial court could properly conclude that Ramos failed to show he substantially complied with sections 416.10 and 415.20." (*Id.* at pp. 1443-1444.)

Here, the defects in the judgment roll were even starker than in *Ramos*, because the proofs of service did not establish delivery to a person "apparently in charge" of Great Host's office *and* Tilcock did not mail the summons and complaint to a qualified recipient. Lewis Brisbois had the burden to prove effective service to establish jurisdiction, and in light of the defective proofs, to show substantial compliance with the service statutes. (*Ramos, supra*, 223 Cal.App.4th at p. 1442; *Summers v. McClanahan, supra*, 140 Cal.App.4th at p. 413; *Dill, supra*, 24 Cal.App.4th at p. 1442.) Lewis Brisbois did not present any evidence regarding the sufficiency of service in its opposition to either of Great Host's two motions to vacate.

*Khourie v. Sabek, Inc.* (1990) 220 Cal.App.3d 1009, relied upon by Lewis Brisbois, is distinguishable. In that case, the trial

court considered evidence[8] submitted by the plaintiff that the process server went to the defendant's office during business hours to serve the registered agent, but the door was locked. (*Id.* at p. 1012.) The process server rang the doorbell, and the woman who responded (described by the defendant as its office manager) refused to identify herself or to unlock the door, and she told him she was """not accepting papers.""" (*Id.*at pp. 1012, 1014, fn. 2.) The process server left the summons and complaint outside the door and mailed a copy of the documents to the defendant's "principal officer." (*Id.* at pp. 1013-1014.) The Court of Appeal concluded the trial court did not abuse its discretion in denying the defendant's motion to vacate a default judgment where the process server provided actual notice to the person apparently in charge of the office by leaving the summons and complaint on the other side of the office door when the office manager would not allow the process server to come inside, explaining that "a defendant will not be permitted to defeat service by rendering physical service impossible." (*Khouri*, at pp. 1013-1014.) Notably, in *Khouri*, the defendant did not dispute that the office manager was "apparently in charge of [the office]." (See *id.* at p. 1014, & fn. 2.) Moreover, unlike in *Ramos*, *Dill*, and the instant case, the process server in *Khouri* mailed a copy of the summons and complaint to the defendant's principal officer as

---

[8] It is not clear whether the court in *Khourie v. Sabek, Inc, supra*, 220 Cal.App.3d at page 1014, which referred to evidence in the process server's "declaration," considered extrinsic evidence from the plaintiff or based its finding on the proof of service.

18

required under section 415.20, subdivision (a). (*Khouri*, at p. 1014.)[9]

Because the judgment was void on its face, the trial court did not have fundamental jurisdiction over Great Host, and the court erred in denying the motion to vacate the default and default judgment.

---

[9] *Ludka v. Memory Magnetics International* (1972) 25 Cal.App.3d 316, cited by Lewis Brisbois for the proposition that service on a receptionist constitutes proper service, is also distinguishable. In that case, the Court of Appeal observed the trial court was within its discretion in finding from the declarations in opposition to the motion concerning the process server's conversation with the receptionist that the summons had been left "with the person who was apparently in charge thereof." (*Id.* at p. 321.) In this case, Lewis Brisbois did not submit any declarations rebutting the presumption that service on the receptionist was invalid.

## DISPOSITION

The trial court's order denying Great Host's motion to vacate the default and default judgment is reversed.  We remand the matter with instructions to the trial court to grant the motion to vacate the default and default judgment.  Great Host is to recover its costs on appeal.


                                        FEUER, Acting P. J.

We concur:



        STONE, J.



        GIZA, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.