Filed 10/14/14; pub. order 11/6/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOHN GIORGIO, | B248752 |
| Defendant and Appellant, | (Los Angeles County Super. Ct. No. LC094005) |
| v. | |
| SYNERGY MANAGEMENT GROUP, LLC, | |
| Plaintiff and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frank J. Johnson, Judge.  Affirmed.

Bitton & Associates and Ophir J. Bitton for Defendant and Appellant.

Buchalter Nemer, Michael B. Fisher, Oren Bitan, for Plaintiff and Respondent.

_____

In this intentional tort action, the trial court denied defendant John Giorgio's motion, made pursuant to Code of Civil Procedure 473, subdivision (d),[1] to set aside the entry of default and any subsequent default judgment, in favor of plaintiff Synergy Management Group, LLC (Synergy). Giorgio contends on appeal that the court erred in denying the motion because he was never properly served with either the original or the first amended complaint. We affirm.

### STATEMENT OF FACTS AND PROCEDURE

On May 6, 2011, Synergy, on behalf of its predecessor in interest ASI Management, LLC, filed its original complaint in this action. The original complaint alleged Giorgio "converted the assets of [Synergy]'s assignor by submitting false expense reports resulting in the misappropriation of assets belonging to [Synergy]'s assignor" and "committed fraud by submitting false expense reports to [Synergy]'s assignor with the intent to deceive [Synergy]. [Synergy] reasonably relied on the accuracy of expense reports submitted by [Giorgio]. As a direct result of [Synergy]'s reliance on the representations made by [Giorgio], [Synergy]'s assignor paid moneys to [Giorgio] to which he was not entitled." Synergy sought compensatory and punitive damages according to proof, in an amount greater than $10,000 but less than $25,000, thereby designating the case as a limited civil case.

On May 7, 2011, Synergy personally served Giorgio with the original complaint at a North Carolina airport.[2] Giorgio never responded to the original complaint. In his

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

[2] Service was established by the Proof of Service of Summons form (§ 425.12) filed May 24, 2011.

declaration, Giorgio claimed he had been living and working in Europe since October 1, 2009, and was only visiting the United States at the time of service.

On June 13, 2011, Synergy filed its first amended complaint which sought increased damages in the amount of $254,687.11, reclassifying the matter from a limited to an unlimited civil case.[3] On June 13, 2011, Synergy mailed the amended complaint to an address in the Netherlands (Prinsengracht 694, 1017 KZ Amsterdam), thought to be Giorgio's residence. Giorgio never responded to the amended complaint. In his declaration, Giorgio claimed he did not receive it because he had not lived or worked in the Netherlands since April 14, 2011.

On August 29, 2011, Synergy filed a request for entry of default against Giorgio. The clerk entered default the same day.

In October 2011, Giorgio learned about the default that had been entered, and on January 30, 2012, retained local counsel. On February 6, 2012, Giorgio filed a motion to set aside default (§ 473, subd. (d)) on the grounds that "(a) GIORGIO was not properly served with the Summons, Complaint and First Amended Complaint; (b) the entry of default violates due process of law and is void; and (c) GIORGIO has not been properly served and has not appeared in the action and therefore must be properly served before default may be entered." On March 21, 2012, the trial court granted Giorgio's motion to set aside the default.[4]

Synergy then conducted a search for Giorgio's address by utilizing online search engines such as Accurint, Google.com, and White Pages. Synergy located one address

---

[3] The first amended complaint also corrected a scrivener's error in the original complaint, which erroneously listed Ronald Freson as plaintiff on page 4 and 5 of the original complaint. The remainder of the original complaint, including the summons, correctly listed Synergy as plaintiff.

[4] No reporter's transcript of the hearing on the motion to set aside entry of default was provided by either party, only a case summary listing the proceeding held and the trial judge's ruling.

that Giorgio was associated within the last two years in California—1109 South Wooster Street, #3, Los Angeles, 90035 (Wooster Address). On June 4, 2012, Synergy sent by certified mail a copy of the summons, complaint and acknowledgment of receipt of service addressed to Giorgio at the Wooster Address. Shortly thereafter Synergy received a "Return to Sender-Unclaimed" envelope from the United States Post Office. On June 7, 2012, Synergy obtained a letter from Groot & Evers, a bailiff firm in the Netherlands, confirming that Giorgio had "migrated to the United States of America since the 17th of October 2011, the last known address is 1109 South Wooster Street, CA-90035 Los Angeles (United States of America). The last known and registered address in The Netherlands was Prinsengracht 694, 1017 KZ Amsterdam (The Netherlands)." On June 12, 2012, Synergy hired a processor server from Janney & Janney Attorney Services to personally serve Giorgio at the Wooster Address but was unsuccessful because no one would answer the door. On June 18, 2012, Synergy mailed a written request to the United States Postal Service to provide any forwarding or change of address for Giorgio at the Wooster Address. The Postal Service response dated June 29, 2012, verified that Giorgio continued to receive mail at the Wooster Address and there was no change of address on file for Giorgio. Synergy then hired the Cromwell Group, Attorney Services, specializing in difficult service of process. Process servers attempted to effectuate service on Giorgio at the Wooster Address on six occasions, but they were all unsuccessful because no one would answer the door. The Cromwell Group ran several databases and found other addresses for family members and tried unsuccessfully to effectuate service on Giorgio at those addresses.

On September 20, 2012, Synergy filed an application for publication (§ 415.50).[5]

---

[5] The application included the Declaration of Michael B. Fisher (Synergy's counsel of record); Non Service Report and Declaration of Diligence Of Ryan Lusting (processor server of Janney & Janney); Declaration of Lilia Alanis (account executive of the Cromwell Group); June 4, 2012 Notice and Acknowledgment of Receipt and Certified Mail Receipt to the Wooster Address along with the "Return to Sender-

On September 27, 2012, the trial court granted Synergy's application for publication. The summons on the first amended complaint was published in the Los Angeles Daily Journal for four consecutive weeks. Service by publication of the summons on the first amended complaint was completed on November 2, 2012, and Giorgio's response was due on or before December 3, 2012. On November 6, 2012, Synergy mailed courtesy copies of the application for publication, order for publication, proof of publication, summons on first amended complaint, first amended complaint, clerk's notice of transmittal re-classification, notice of case assignment, and alternative dispute resolution package to Giorgio's counsel of record. Giorgio did not file an answer, or otherwise respond, to the amended complaint.

On December 4, 2012, Synergy filed a request for entry of default against Giorgio, which was entered by the court clerk on the same day. A copy of this request was mailed to Giorgio at the Wooster Address and to Giorgio's counsel of record. On February 1, 2013, Synergy filed its request for entry of default judgment against Giorgio and mailed a copy of this request to Giorgio at the Wooster Address and to Giorgio's counsel of record. In support of the request for default judgment, Synergy included a November 15, 2011 invoice from Giorgio listing the Wooster Address as his current address to "[m]ake all checks payable to John Giorgio." Synergy also included multiple invoices from Giorgio that listed the Wooster Address during the time of his employment.

On February 6, 2013, Giorgio filed a motion to set aside entry of default and any subsequent default judgment on the grounds that the service by publication was improper (§ 473, subd. (d)). In his motion, Giorgio stated he had neither lived nor worked in California since October 1, 2009, and was not in California at the time the summons was published in the Los Angeles Daily Journal.

On March 12, 2013, the trial court held a hearing on Giorgio's motion. The court noted that "conspicuously absent from Mr. Giorgio's declaration is any explanation at all

Unclaimed" envelope returned by the United States Post Office; the June 7, 2012 letter from Groot & Evers; and the June 18, 2012 letter to the Postal Service with its response.

as to how [the Wooster Address] in Los Angeles came to be associated with him. And it appears that at least the United States Post Office is of the opinion that he still apparently receives mail there. In addition to the statement from the investigators in . . . the Netherlands . . . ." The court found that Giorgio "made a deliberate tactical decision to not respond to this matter" and denied Giorgio's motion, entering default judgment in favor of Synergy for $254,687.11 in damages and costs. On March 22, 2013, Giorgio filed a motion for reconsideration of the court's order denying Giorgio's motion. On May 2, 2013, the trial court denied Giorgio's motion for reconsideration, finding "there is nothing in this motion that's new or that couldn't have been presented in the last motion." On May 10, 2013, Giorgio filed a notice of appeal from the default judgment.

## DISCUSSION

Giorgio contends the trial court erred by denying his motion to set aside the default and default judgment under section 473, subdivision (d),[6] because the judgment is void for lack of proper service.

Giorgio first argues on appeal that service of the original complaint by personal service was improper. On May 6, 2011, Synergy filed its original complaint and personally served Giorgio at a North Carolina airport the following day. Thereafter, Synergy filed its first amended complaint on June 13, 2011. "'It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading. [Citations.]' [Citation.] 'Such amended pleading supplants all prior complaints. It alone will be considered by the reviewing court. [Citations.]'

---

[6] Under section 473, subdivision (d): "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." A judgment is void if the defendant was never served with the summons and complaint. (See § 410.50, subd. (a).)

6

[Citation.]" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 884.) On February 6, 2012, Giorgio conceded in his reply to Synergy's opposition to set aside the first default that "the original complaint has been abandoned and superseded by the [first amended complaint], and can no longer function as a pleading." Because the original complaint is not before us, we will disregard Giorgio's contention that service of the original complaint was improper. (See *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1054.)

Giorgio further argues that service of the first amended complaint by mail to the Netherlands was improper. However, the trial court agreed with Giorgio and granted the motion to set aside the default entered on August 29, 2011, based on improper service to the Netherlands. We therefore conclude that Synergy's service by mail to the Netherlands is of no legal significance given the fact that the trial court was in agreement with Giorgio and Synergy is not contesting that ruling on appeal. Our inquiry will solely focus on Giorgio's contention that service by publication was improper.

**Standard of Review**

""""A motion to vacate a default and set aside [a] judgment (§ 473) 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.'" [Citations.] The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. [Citation.]' [Citation.]" (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.) Whether the evidence is oral testimony, affidavits, or documents, when there is conflicting evidence, the trial court's express and implied factual determinations are not disturbed on appeal if supported by substantial evidence. (*Id.* at p. 1250; *Kulko v. Superior Court* (1977) 19 Cal.3d 514, 519, fn. 1, revd. on other grounds (1978) 436 U.S. 84.) "'So far as it has passed on the weight of evidence or the credibility of witnesses, [the trial court's] implied findings are conclusive . . . . When an issue is tried on

7

affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed.' [Citations.]" (*Kulko v. Superior Court, supra,* at p. 519, fn. 1.) However, "[w]here the question on appeal is whether the entry of default and the default judgment were void for lack of proper service of process, we review the trial court's determination de novo. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495-496.)" (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200.)

**Service by Publication**

Giorgio contends the service by publication did not provide him actual notice because he was not living or working in California since October 1, 2009. We disagree and explain below.

Our Supreme Court stated, "[T]he governing statutes afford the plaintiff a variety of means by which to effect service upon the defendant. Service may be accomplished by means of personal delivery of the summons and complaint to a party (§ 415.10), by delivery to the business office or dwelling of certain classes of parties (§§ 415.20, 416.10–416.90), by mailing (with an acknowledgment of receipt) to a party (§ 415.30), or, if a party is out of state, by any of the preceding means or by first class mailing, requiring a return receipt (§ 415.40). Finally, if service upon a party by these enumerated means proves impossible, service may be effected through publication, which must be authorized by court order. (§ 415.50.)" (*Watts v. Crawford* (1995) 10 Cal.4th 743, 748.)

Section 415.50 provides in pertinent part: "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article . . . . [¶] . . . [¶] The court shall order the

8

summons to be published in a named newspaper, published in this state, that is most likely to give *actual notice* to the party to be served . . . . The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons." (§ 415.50(a)-(b), italics added.) Although "[w]e think it safe to say that there is really little expectation that a defendant so served will in fact acquire actual notice from the publication." (*County of Riverside v. Superior Court* (1997) 54 Cal.App.4th 443, 450.)

Substantial evidence supports the trial court's finding that Giorgio could not with reasonable diligence be served personally or by mail. In response to the trial court granting Giorgio's motion to set aside the entry of default, Synergy conducted a search for any addresses associated with Giorgio. Synergy conducted a search online and only was able to locate one address associated with Giorgio, the Wooster Address. On June 4, 2012, Synergy attempted to serve Giorgio by mail to that address but received a "Return to Sender Unclaimed" envelope from the United States Postal Service. But on June 7, 2012, a bailiff firm in the Netherlands confirmed that Giorgio had migrated to the United States since October 17, 2011, and his last known address is the Wooster Address. Synergy hired a process server on January 12, 2012, to personally serve Giorgio at the Wooster Address but was unsuccessful because no one answered the door. Thereafter, Synergy received a response from the Postal Service regarding its written request to provide any forwarding or change of address for Giorgio at the Wooster Address. The Postal Service verified that Giorgio continued to receive mail at that address and there was no change of address on file. Based on that information, Synergy hired Cromwell Group, Attorney Services, which specialize in difficult service of process. Process servers attempted to effectuate service on Giorgio at the Wooster Address on six occasions, but they were all unsuccessful because again, no one would answer the door. Given these facts, it was reasonable for the trial court to conclude the summons and complaint could not be served personally or by mail. (Compare *Transamerica Title Ins.*

9

*Co. v. Hendrix* (1995) 34 Cal.App.4th 740, 745 [where the defendant's home address was not known but his post office address was known, it was error to conclude that service by mail was not required before ordering notice by publication, because "a post office box is a sufficient address for compliance with . . . section 415.30"].)

Giorgio contends the summons on the first amended complaint was not published in a newspaper that would most likely give him actual notice. However, in support of the request for default judgment, Synergy included a November 15, 2011 invoice from Giorgio listing the Wooster Address as his current address to "[m]ake all checks payable to John Giorgio." This invoice was transmitted after the first default against Giorgio was entered in this case, which was five months after Synergy filed its first amended complaint. Moreover, the trial court properly noted during the hearing on Giorgio's motion to set aside the default and default judgment that Giorgio has never provided an explanation for why he is associated with the Wooster Address. The United States Postal Service, along with an investigator in the Netherlands believed Giorgio also lived at the Wooster Address and found no other address on record associated with him. Giorgio also failed to mention to the trial court or in his opening brief what newspaper would have given him actual notice. (*Khourie, Crew & Jaeger v. Sabek, Inc.* (1990) 220 Cal.App.3d 1009, 1013 ["It is established that a defendant will not be permitted to defeat service by rendering physical service impossible"].) Contrary to Giorgio's contentions, we find Synergy had reason to know Giorgio resided at the Wooster Address, and substantial evidence supported Synergy's election of a newspaper in Los Angeles as the newspaper "most likely to give actual notice to the party to be served . . . ." (§ 415.50, subd. (b); see *Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 42-43.) We conclude service by publication was proper and affirm the default judgment against Giorgio.

10

## DISPOSITION

The judgment is affirmed.  Synergy is awarded costs on appeal.


KRIEGLER, J.

We concur:



MOSK, Acting P. J.



GOODMAN, J. *

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| JOHN GIORGIO, | B248752 |
| Defendant and Appellant, | (Los Angeles County Super. Ct. No. LC094005) |
| v. | |
| SYNERGY MANAGEMENT GROUP, LLC, | **ORDER CERTIFYING OPINION FOR PUBLICATION** |
| Plaintiff and Respondent. | |


THE COURT:


The opinion in the above-entitled matter filed on October 14, 2014, was not certified for publication in the Official Reports. Upon respondent's request and for good cause appearing, it is ordered that the opinion shall be published in the Official Reports.

Pursuant to California Rules of Court, rule 8.1105(b), this opinion is certified for publication.

_____

KRIEGLER, J.　　　　　　MOSK, Acting P. J.　　　　　　GOODMAN, J.[*]

_____

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.