Filed 1/30/24  Nevinny v. Devor CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| VICTORIA NEVINNY et al., | B323746 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 21STCV32177) |
| v. | |
| ROBINSON DEVOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara Marie Scheper, Judge.  Affirmed.

Robinson Devor, in pro. per., for Defendant and Appellant.

Nolan Heimann, Jordan Susman, Margo Arnold for Plaintiffs and Respondents.

## INTRODUCTION

Plaintiffs Victoria Nevinny and VINS, LLC filed a complaint alleging breach of contract and other claims involving a film. Defendant Robinson Devor did not appear, and the court entered default. The court then entered a default judgment in favor of plaintiffs, ordering specific performance, an injunction, and declaratory relief. The court also appointed an elisor to sign an agreement and assignment of rights regarding the film.

Devor appealed the judgment, contending that the summons and complaint were not properly served on him. However, he has not provided a sufficient record to support that contention, and as such, he has failed to demonstrate that the trial court erred in finding that service was proper. Devor also challenges some of plaintiffs' substantive allegations, but he may not assert these arguments for the first time on appeal after defaulting below, and the limited record does not support his contentions. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal consists of the judgment and documents from the same date or post-dating the judgment. Thus, the record does not include the summons, complaint, proof of service for the summons and complaint,[1] or the default prove-up documents. The following facts are taken mostly from the judgment, which includes a short description of the case substance and history.

Plaintiffs filed a complaint against Devor on August 31, 2021, alleging seven causes of action: breach of contract; breach of the implied covenant of good faith and fair dealing; specific

---

[1] The register of actions indicates that a proof of service was filed.

performance; temporary restraining order, preliminary restraining order and permanent injunction; declaratory relief; intentional interference with contractual relations; and intentional interference with prospective economic advantage. The parties' disagreement involved distribution of a film called "Pow Wow." The judgment states, "The Summons and Complaint were duly served upon Defendant, and Defendant has neither answered nor otherwise responded to the Complaint." The clerk entered default on January 20, 2022.

At the hearing on the order to show cause (OSC) re: entry of default judgment on August 1, 2022, Devor appeared in court. The minute order from the OSC stated, "Defendant is advised that he cannot defendant [*sic*] himself while in default status."

The court signed and filed the judgment the same day. The judgment stated that the court found the causes of action in the complaint to be adequately alleged, and that plaintiffs proved they were entitled to the relief requested. The court entered judgment in favor of plaintiffs on three of the seven causes of action. On the cause of action for specific performance, the court ordered Devor to "perform his obligations under the 2011 Memorandum of Understanding between Plaintiffs and [Devor], and . . . to execute the assignment and indemnification agreement(s) that will allow Plaintiffs to distribute and exploit" the film. On the cause of action for temporary restraining order, preliminary injunction, and permanent injunction, the court enjoined Devor from claiming ownership in, preventing distribution of, or interfering with the distribution of the film. On the cause of action for declaratory relief, the court ordered that plaintiffs were entitled to the copyright and all other rights and interests regarding the film. In a separate order, the court

appointed an elisor for Devor, and ordered the elisor to sign a directing services agreement and a related assignment of rights.

Devor timely appealed.

## DISCUSSION

Devor argues he was not properly served with the summons and complaint. His entire factual and legal argument on this issue is as follows: "Defendant was not properly served with a Summons and Complaint and did not receive the legal documents personally or through an alternative form of service. The papers were served to a person (an unknown intern who was not in charge of the business) who volunteered in a partially closed office complex (because of Covid) which the Defendant had vacated five years prior. If papers are not served in the correct way at the correct time, the court cannot go forward with the case (CA Codes – ccp:415.10-415.95)."

When the question on appeal is whether the entry of default and the default judgment were void for lack of proper service of process, we review the trial court's determination de novo. (*Giorgio v. Synergy Management Group, LLC* (2014) 231 Cal.App.4th 241, 247; *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200.) However, "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Id.* at p. 609.)

The trial court found that Devor had been properly served; it expressly stated this finding in the judgment. The record on

4

appeal cannot support a finding to the contrary. The proof of service for the summons and complaint is not in the record, and there is no evidence about the address to which they were served. There is also no support for Devor's claim that the summons and complaint were served to an address that was not current.[2] Devor therefore has failed to demonstrate that the trial court erred in concluding that service of the summons and complaint was proper.

Devor also challenges some of plaintiffs' substantive claims. He argues, for example, that "[t]he court erred in finding that Defendant was in breach of a contract," and "[t]he court erred in finding that Defendant had no good faith and fair dealing with the Plaintiffs." There are several problems with these contentions.

First, while a defaulting defendant may raise certain procedural errors such as lack of personal jurisdiction (see, e.g., *Brue v. Shabaab* (2020) 54 Cal.App.5th 578, 586), such a defendant may not challenge the substance of the default judgment. A "'*judgment by default* is said to "confess" the material facts alleged by the plaintiff, i.e., the defendant's failure

_____

[2]     Devor caused certain documents to be included in the clerk's transcript on appeal that had not been admitted in the trial court. This court granted plaintiffs' motion to strike these documents from the record. Plaintiffs also moved to strike portions of Devor's opening brief that relied on facts not in the record. Devor did not oppose the motion. We deny plaintiffs' motion to strike regarding the top paragraph of page 8, which is Devor's argument about service quoted above, but we acknowledge that his factual contentions are unsupported by any record evidence. We grant the remainder of plaintiffs' motion to strike.

to answer has the same effect as an express admission of the matters well pleaded in the complaint.'" (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823, quoting 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 153, p. 570.) Devor, having failed to contest the action in the trial court, may not challenge the substance of plaintiffs' claims for the first time on appeal.

Second, the judgment makes no findings as to the causes of action Devor challenges. The court entered judgment only on the causes of action for specific performance, restraining order/injunction, and declaratory relief. Thus, there is no support for Devor's contention that the court erred in making findings on other causes of action, such as breach of contract and breach of the implied covenant of good faith and fair dealing.

Third, the record is insufficient to support Devor's arguments. Even if, for example, it could be inferred that the court's judgment included a finding that Devor breached the parties' contract, the record does not contain enough information to conclude that such a finding was erroneous. The record does not include the contract itself or any information about the parties' performances under the contract. Thus, the record cannot support a contention that the court erred.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

CURREY, P.J.                                                                    ZUKIN, J.

6