Filed 1/30/24  Meyners v. Bolanos CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MICHAEL WAYNE MEYNERS, Plaintiff and Respondent, v. HUGO RICARDO BOLANOS, JR., Defendant and Appellant. | B321781 (Los Angeles County Super. Ct. No. 20IWRO00546) |

APPEAL from an order of the Superior Court of Los Angeles County.  Patricia J. Titus, Judge.  Affirmed.

Law Office of Marcus Gomez and Marcus Gomez for Defendant and Appellant.

The Law Office of Negin Yamini and Negin Yamini for Plaintiff and Respondent.

————————————

Hugo Ricardo Bolanos, Jr., appeals from the trial court's denial of his motion to set aside a civil harassment restraining order against him, which protects Michael Wayne Meyners. Because Bolanos has not shown the trial court erred, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 27, 2020, the trial court issued a three-year civil harassment restraining order against Bolanos under Code of Civil Procedure section 527.6, protecting Meyners.

In March 2022, Bolanos moved to set aside the restraining order. Bolanos argued the trial court lacked personal jurisdiction over him when it issued the restraining order, because he was not properly served with notice that the restraining order hearing had been continued. In support of his motion, Bolanos relied on the fact that the process server failed to indicate on the proof of service that Bolanos received a copy of the notice of continued hearing. Meyners opposed the motion asserting, among other things, that Bolanos had actual and constructive knowledge of the restraining order hearing, and that the motion should be denied because Bolanos failed to provide a supporting declaration stating he was not actually served with the notice of the continued hearing.

The trial court denied the requested relief, finding Bolanos failed to provide any evidence he was not actually served with the notice of the continued hearing. Bolanos appealed.

## DISCUSSION

### I. The appeal is not moot

As a threshold matter, we must first determine whether Bolanos's appeal should be dismissed as moot given the restraining order expired on August 27, 2023, while this appeal was pending. We invited the parties to file supplemental briefing

2

under Government Code section 68081, addressing whether the expiration of the restraining order rendered the appeal moot. Bolanos responded his appeal was not moot because the restraining order is currently serving as the basis for a pending criminal proceeding, and that if he prevails in this appeal, he can move to dismiss the criminal charges against him.

As a general rule, "a case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.) " ' "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." ' " (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495.) " '[T]here are three discretionary exceptions to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination.' " (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.)

The pending criminal charges based on the expired restraining order convince us the outcome of this appeal could potentially provide Bolanos with effective relief, and there may be a recurrence of the controversy between the parties that warrants applying the discretionary mootness exception. Therefore, we exercise our discretion and consider the merits of Bolanos's appeal.

## II.   The trial court did not abuse its discretion in denying Bolanos's motion to set aside the restraining order

We review the trial court's denial of appellant's motion to set aside for abuse of discretion.  (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 118.)  The trial court's ruling "will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice." (*Ibid*.)  Further, we will not disturb the trial court's express or implied factual determinations if they are supported by substantial evidence. (*Giorgio v. Synergy Management Group, LLC* (2014) 231 Cal.App.4th 241, 247.)

On appeal, Bolanos merely repeats his arguments from the trial court that the restraining order is void because the proof of service was defective.  Again, Bolanos relies on the fact that the process server did not indicate on the proof of service that Bolanos was served with the notice of the continued hearing. However, the trial court already rejected this contention, and impliedly found that Bolanos was served with the notice of the continued hearing and that he had actual notice of the restraining order.  (*Giorgio v. Synergy Management Group, LLC*, *supra*, 231 Cal.App.4th at p. 247.)  Because Bolanos failed to provide any evidence to the contrary, the trial court did not abuse its discretion in denying his motion to set aside the restraining order.

**DISPOSITION**

The order is affirmed.  Respondent is awarded his costs on appeal.


VIRAMONTES, J.


WE CONCUR:



STRATTON, P. J.



WILEY, J.