Filed 7/21/25

<u>CERTIFIED FOR PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JONATHAN YU, | B337415 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23VERO01828) |
| v. | |
| LORAIN POZNIAK-RICE, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Karen Moskowitz, Judge. Reversed with directions.

Lorain Pozniak-Rice, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

# INTRODUCTION

A person seeking a civil harassment restraining order must serve the person allegedly doing the harassing with, among other documents, a copy of the petition for the restraining order. That is not always easy to do. People accused of engaging in harassing conduct may not make themselves readily available for service of process. Yet, the law required the petitioner to personally serve the petition.

In *Searles v. Archangel* (2021) 60 Cal.App.5th 43 the respondent was evading service, but was following the petitioner on Facebook, YouTube, and Twitter. We rejected the petitioner's request to serve the petition by social media, holding that, though electronic service of such petitions may be an idea whose time has come, electronic service of petitions for civil harassment restraining orders was not statutorily authorized, and only the Legislature can authorize alternative methods of service. (*Id.* at pp. 49-50.)

The Legislature responded to our decision in *Searles* by enacting Code of Civil Procedure section 527.6, subdivision (m)(2),[1] which authorizes the court, on a sufficient showing the respondent is evading service or cannot be physically located, to allow the petitioner to serve the petition by any method "reasonably calculated to give actual notice to the respondent." This appeal involves what showing is sufficient under the new statute to allow service of a petition by a method other than personal service.

---

[1]     Statutory references are to this code.

The trial court here found Lorain Pozniak-Rice was evading service of a petition for a civil harassment restraining order and authorized the petitioner, Jonathan Yu, to serve Pozniak-Rice by email and mail.  Pozniak-Rice argues the restraining order is invalid because Yu did not personally serve her with the petition and other documents, as required under section 527.6, subdivision (m)(1), and because substantial evidence did not support the court's order under section 527.6, subdivision (m)(2), authorizing Yu to use alternative methods of service.  Because substantial evidence did not support the court's finding Yu made a diligent effort to personally serve Pozniak-Rice, as required before the court may authorize an alternative method of service, we reverse the order issuing the restraining order.  We direct the trial court to reinstate the temporary restraining order and to conduct further proceedings on Yu's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *Yu Files a Petition for a Civil Harassment*
        *Restraining Order Against Pozniak-Rice*

On October 27, 2023 Yu filed a petition for a civil harassment restraining order under section 527.6 against Pozniak-Rice.  Yu sought to protect himself, his mother, and his sister from ongoing harassment by Pozniak-Rice.  Yu listed Pozniak-Rice's last known address as "6640 Sepulveda Blvd # 216," in Van Nuys, California.

Yu alleged that he had been in a romantic relationship with Pozniak-Rice's daughter, Mia Marx, and that the relationship ended in January 2023.  According to Yu, beginning in mid-August 2023 Marx and Pozniak-Rice began to "aggressively

harass and stalk" him, his friends, and his family "by use of annoying and repeated phone calls, trespassing on private property, making threats of harm, intimidation, and maliciously making false statements to authorities." Yu alleged Marx and Pozniak-Rice harassed him and others more than 15 times during the preceding two months, including two incidents where Marx and Pozniak-Rice entered secured areas of Yu's apartment complex. In one incident Pozniak-Rice blocked the garage entrance, while Marx entered the complex, encountered Yu's mother, and chased her around the building while yelling racist and defamatory statements. In the other incident Pozniak-Rice and Marx entered the complex and posted signs throughout the complex disparaging Yu. Yu attached to his petition pictures of Pozniak-Rice and Marx taken by his complex's security system on both occasions. Yu also filed police reports regarding the two incidents. Yu filed a declaration stating he had not given Pozniak-Rice notice of the request for a restraining order because he "was afraid that the violence would reoccur when [he] gave notice that [he] was asking for these orders."

On October 30, 2023 the court issued a temporary restraining order that enjoined Pozniak-Rice from harassing or contacting Yu, his mother, or his sister or attempting to take action to obtain their addresses or locations. The order also required Pozniak-Rice to stay at least 100 yards away from Yu, his mother, his sister, and their homes, vehicles, and workplaces. The court set a hearing on the petition for November 21, 2023. The court ordered Yu to personally serve copies of the petition for a restraining order, the notice of hearing, the temporary restraining order, and several Judicial Council forms on

4

Pozniak-Rice at least five days before the hearing and to file a proof of service.

B.      *The Court Continues the Hearing on the Petition To Allow Yu To Find and Serve Pozniak-Rice*

At the November 21, 2023 hearing Yu told the trial court he had made diligent efforts to serve Posniak-Rice using a process server, but had been unable to locate and serve Pozniak-Rice with copies of the petition and the other documents.  Yu attempted to submit an email from the process server regarding service efforts, but the court declined to consider it because it was not a sworn declaration of due diligence.  The court, however, continued the hearing to give Yu more time to locate and serve Pozniak-Rice.  The court continued the hearing on the petition to December 19, 2023 and extended the temporary restraining order to that date.  The court also ordered Yu to personally serve Pozniak-Rice by December 14, 2023 with copies of the petition for a restraining order, the notice of hearing, the temporary restraining order, the order regarding the continued hearing date, and several Judicial Council forms.

C.      *The Court Grants Yu's Request To Serve Pozniak-Rice Using Alternative Methods*

At the December 19, 2023 hearing Yu told the court he still had not been able to personally serve Pozniak-Rice with copies of the required documents and asked the court to authorize service by an alternative method under section 527.6, subdivision (m)(2). Yu submitted a declaration by Manuel Berdichevsky, who stated he had unsuccessfully attempted to serve Pozniak-Rice six times at the Sepulveda Boulevard address Yu had listed in his petition

as her last known address.  Berdichevsky said that he made "diligent" and "extensive" (but unspecified) efforts to contact or locate Pozniak-Rice, but that he had been unable to find her.  He further stated he had a "reasonable belief" Pozniak-Rice's "non-disclosure of a current address, coupled with her adoption of her daughter's name and a last-minute change in appearance for remote proceedings, implies a deliberate attempt to avoid service."

The court reviewed the declaration and found that Pozniak-Rice was evading service and that there was good cause to allow Yu to use alternative methods to serve the petition and related documents.  Yu told the court that Pozniak-Rice lived with Marx and that Marx had recently (within the last 10 days) filed with the court (apparently in another proceeding) a change of address (to a post office box).  Yu also said that Pozniak-Rice had filed a lawsuit in Illinois and that he obtained an email address for her from that filing.

The court granted Yu's request to serve Pozniak-Rice by mail and by email to the addresses Yu provided and ordered him to serve Pozniak-Rice with all the required documents by December 31, 2023.  The court continued the hearing to January 8, 2024 and extended the temporary restraining order to that date.

Yu filed proofs of service stating that on December 25, 2023 he sent some (but not all) of the required documents to the email address he obtained from the Illinois court filing and that on January 2, 2024 he mailed some (but not all) of the required documents by first-class mail to the post office box.

D.    *The Court Grants Yu's Request for a Five-year Restraining Order*

Pozniak-Rice did not appear at the January 8, 2024 hearing.  The court, citing its prior order authorizing alternative methods of service and the proofs of service Yu submitted, ruled Yu had served Pozniak-Rice.

Yu testified and affirmed the statements in his petition and declaration were true.  The court ruled that Yu had shown by clear and convincing evidence Pozniak-Rice had unlawfully harassed him and that, absent a restraining order, she would likely continue to harass him.  The court said Pozniak's conduct, as described by Yu, was "fairly egregious as a course of conduct that would seriously alarm any reasonable person, was done for no legitimate purposes, and has quite clearly caused [Yu] significant emotional distress."  The court granted Yu's petition for a restraining order for the maximum five-year term.

E.    *Pozniak-Rice Files a Motion To Set Aside the Restraining Order, and the Court Denies It*

A few weeks later, Pozniak-Rice filed a motion under sections 473 and 473.5 to set aside or vacate the restraining order.  In her supporting declaration Pozniak-Rice stated she was never served personally or by alternative means with a copy of Yu's petition for a restraining order or any other documents.  Pozniak-Rice asked the court to set aside the restraining order and give her the opportunity to present a defense to Yu's petition.

At the hearing on the motion the court told Pozniak-Rice that, because the court had not entered a judgment, her motion under sections 473 and 473.5 was procedurally defective.  The court stated that, if Pozniak-Rice wanted to ask the court to

7

terminate the restraining order, she had to bring the proper motion on the proper Judicial Council forms.  The court denied the motion without prejudice.  Pozniak-Rice timely appealed from the order granting the petition for a restraining order and the order denying the motion to set aside the restraining order.

## DISCUSSION

A.      *Applicable Law and Standard of Review*

Yu sought a restraining order against Pozniak-Rice under section 527.6, which """"was enacted 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.' [Citations.]  It does so by providing expedited injunctive relief to victims of harassment."""" (*Hansen v. Volkov* (2023) 96 Cal.App.5th 94, 104; see *Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1227, disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.) Section 527.6, subdivision (a), permits a person who has suffered harassment as defined in the statute to seek an ex parte temporary restraining order and, after notice and a hearing, a protective order enjoining harassment for up to five years.

Until relatively recently, section 527.6, subdivision (m), required a petitioner to personally serve the respondent—in all cases—with a copy of the petition for a civil harassment restraining order, the temporary restraining order, and the notice of hearing.  (See § 527.6, former subds. (g) [as enacted by Stats. 1998, ch. 581, § 2] & (m) [as amended by Stats. 2010, ch. 572, § 1].)  But in *Searles v. Archangel*, *supra*, 60 Cal.App.5th 43 this court discussed the challenges faced by a petitioner attempting to personally serve a respondent who is evading service and does

8

not have a known address.  The petitioner in *Searles* tried to serve her petition for a civil harassment restraining order on a homeless man who physically threatened her in a parking lot. After numerous attempts to locate and serve the man failed, the petitioner asked the trial court to authorize service over social media because the man was following three of her social media accounts.  (*Id*. at pp. 46-47.)  The trial court denied the request, and this court affirmed, holding section 527.6, former subdivision (m), "requires personal service of the petition, [temporary restraining order], and notice of hearing in civil harassment restraining order cases and does not permit the court to approve alternative methods of service."  (*Searles*, at p. 51.) This court observed, however, there have been recent developments in California law and the law of other states authorizing electronic service in other contexts and suggested the Legislature consider "utilizing new technologies as an approved method of service of process."  (*Id*. at pp. 50-52.)

The Legislature did exactly that.  Effective January 1, 2022, the Legislature amended section 527.6, subdivision (m), to allow service by an alternative method in limited circumstances: "If the court determines at the hearing that, after a diligent effort, the petitioner has been unable to accomplish personal service, and that there is reason to believe that the respondent is evading service or cannot be located, then the court may specify another method of service that is reasonably calculated to give actual notice to the respondent and may prescribe the manner in which proof of service shall be made."  (§ 527.6, subd. (m)(2), added by Stats. 2021, ch. 156, § 1; see Cal. Rules of Court, rule 3.1160(c)(2) [court may specify another method of service of a petition for a civil harassment restraining order "if the court

9

determines that the petitioner has been unable to accomplish personal service, and that there is reason to believe that the respondent is evading service or cannot be located"].)

"We review the trial court's decision to grant the restraining order for substantial evidence. [Citation.] 'The appropriate test on appeal is whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence in the record.'" (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497; see *E.G. v. M.L.* (2024) 105 Cal.App.5th 688, 698-699.) We also review for substantial evidence the trial court's finding the petitioner made a diligent effort to locate and personally serve the respondent. (Cf. *Rios v. Singh* (2021) 65 Cal.App.5th 871, 880-881 [reviewing for substantial evidence the trial court's finding under section 415.50 the "defendant could not with reasonable diligence be served by a means superior to publication"]; *Giorgio v. Synergy Management Group, LLC* (2014) 231 Cal.App.4th 241, 248 [same].)

      B.    *Substantial Evidence Did Not Support the Trial Court's Finding Yu Made a Diligent Effort To Accomplish Personal Service*

Pozniak-Rice argues the court erred in authorizing Yu to serve the petition and related documents other than by personal service. She contends substantial evidence did not support the court's finding Yu made "a diligent effort" to accomplish personal service, as section 527.6, subdivision (m)(2), requires.

No published decision has yet considered what constitutes a "diligent effort" under section 527.6, subdivision (m)(2). But a similar issue routinely arises regarding the service of a summons

10

in civil cases.  (See § 415.10 et seq.)  The plaintiff may serve a summons and complaint by various methods.  (§§ 415.10-415.40.)  If the plaintiff cannot serve the summons and complaint by another authorized manner, the court on a proper showing may authorize the plaintiff to serve the summons and complaint by publication under section 415.50.  "To obtain an order directing service by publication, section 415.50, subdivision (a), requires a party to establish to the satisfaction of the court in which the action is pending 'that the party to be served *cannot with reasonable diligence be served in another manner* specified in this article . . . .'"  (*Watts v. Crawford* (1995) 10 Cal.4th 743, 748-749; see *Rios v. Singh, supra,* 65 Cal.App.5th at p. 880.)  "'The term "reasonable diligence" . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.  [Citations.]  A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories, [voter registries, and assessor's office property indices situated near the defendant's last known location], generally are sufficient.  These are the likely sources of information, and consequently must be searched before resorting to service by publication.'"  (*Watts*, at p. 749, fn. 5; see *Rios*, at p. 880.)  A "declaration supporting a section 415.50 application must state probative facts based on personal knowledge rather than hearsay or legal conclusion."  (*Rios*, at p. 882; see *Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 42.)

     *Giorgio v. Synergy Management Group, LLC, supra,* 231 Cal.App.4th 241 illustrates the sort of information a plaintiff must provide to establish the "reasonable diligence" required to obtain an order for service by publication under section 415.50.

There, the defendant successfully challenged the plaintiff's original attempts at service of process and claimed he no longer lived or worked in the United States. (*Giorgio*, at pp. 243-244.) The plaintiff searched online and was able to locate an address associated with the defendant in Los Angeles; the plaintiff also confirmed the address with a European "bailiff firm." (*Id.* at p. 244.) The summons sent to that address was returned unclaimed, but the post office verified that the defendant continued to receive mail there and that there was no change of address on file. (*Id.* at pp. 244-245.) The plaintiff also hired two process servers and unsuccessfully attempted personal service six times at the address, as well as at addresses of the defendant's family members. (*Id.* at pp. 244-245, 247-248.) The plaintiff supported its application for service by publication not only with the declarations by counsel and the process server, but also with additional evidence the defendant lived at the Los Angeles address, including the written responses from the post office and the bailiff firm. (*Id.* at pp. 245 & fn. 5, 249.) The court in *Giorgio* affirmed the trial court's finding the defendant "could not with reasonable diligence be served personally or by mail." (*Id.* at p. 248.)

A petitioner seeking an alternative to personal service under section 527.6 must make a similar showing of "diligent effort . . . to accomplish personal service" before the court may authorize service by other another method. (§ 527.6, subd. (m)(2).) In particular, the petitioner should support the request for service under section 527.6, subdivision (m)(2), with declarations stating "probative facts" (*Rios v. Singh*, *supra*, 65 Cal.App.5th at p. 882) based on personal knowledge and

12

demonstrating a thorough investigation designed to learn the respondent's whereabouts.

Berdichevsky's declaration did not meet this standard. First, Berdichevsky provided no information about his professional background and identified himself (under his signature line) only as a "service provider." Is Berdichevsky an experienced private investigator? A registered process server? With how much relevant experience?

Second, Berdichevsky said he (or perhaps someone else— his declaration is unclear on this point) attempted to serve Pozniak-Rice at 6640 Sepulveda Boulevard in Van Nuys on six occasions between November 20, 2023 and December 10, 2023. To be sure, six attempts at personal service shows persistence. But neither Yu nor Berdichevsky explained why he thought Berdichevsky would find Pozniak-Rice at that address. There must have been a reason Yu told Berdichevsky to go to that address, but there is no evidence of that reason. In the absence of evidence suggesting Pozniak-Rice ever lived at the Sepulveda Boulevard address, substantial evidence did not support the trial court's (implied) finding Yu made diligent efforts to serve Pozniak-Rice. (Cf. *Corcoran v. Arouh* (1994) 24 Cal.App.4th 310, 315 ["It is crucial that a connection be shown between the address at which substituted service is effectuated and the party alleged to be served."].)

Third, Berdichevsky said "it became apparent" Pozniak-Rice no longer lived at the Sepulveda Boulevard address. Given that information, Berdichevsky had to make additional efforts to locate Pozniak-Rice. His declaration, however, described his subsequent efforts in a conclusory fashion. Berdichevsky stated that, "[d]espite extensive efforts, we have been unable to

13

ascertain a current address or means of contact. My team and I have investigated all social media, and reasonable locations we believe the Respondent would frequent." Berdichevsky did not identify any specific effort he (or his team) undertook or any particular resource he (or anyone on his team) used to attempt to locate Pozniak-Rice. Nor did Berdichevsky explain what "reasonable locations" he identified or why he thought Pozniak-Rice might "frequent" them. And Berdichevsky's "reasonable belief" Pozniak-Rice was evading service was opinion, not evidence. Overall, the declaration lacked the detail required to establish a diligent effort to accomplish personal service.

Substantial evidence did not support the trial court's finding Yu made a diligent effort to locate and personally serve Pozniak-Rice with his petition for a civil harassment restraining order and the other documents required under section 527.6. Therefore, we must reverse the restraining order.[2]

## DISPOSITION

The five-year civil harassment restraining order is reversed. The temporary restraining order is reinstated upon the issuance of this court's remittitur and will remain in effect for

---

[2] We do not address the court's finding under section 527.6, subdivision (m), Pozniak-Rice was evading service. In her notice of appeal, civil case information statement, and opening brief, Pozniak-Rice provided her current phone number, mailing address, and email. Yu can serve Pozniak-Rice at these addresses. In addition, because we reverse the order granting Yu's request for a restraining order, we dismiss as moot Pozniak-Rice's appeal from the order denying her request to set aside that order.

14

21 days, subject to extension by the trial court for good cause. (See § 527.6, subds. (g) & (p).) The trial court is directed to give Yu an additional opportunity to serve Pozniak-Rice with all required documents and to conduct further proceedings on the petition. The appeal from the order denying Pozniak-Rice's motion to set aside the restraining order is dismissed. Pozniak-Rice is to bear her costs on appeal.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.

15